# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| LEWIS WAYNE GYLES | CIVIL ACTION NO. 10-1768 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | MAG. JUDGE KAREN L. HAYES |

## ORDER

Lewis Wayne Gyles, a social security disability claimant, objects to an otherwise favorable ruling and recommendation by the Magistrate Judge reversing the Commissioner's decision that the Gyles is not disabled.  Gyles argues that the Court should find that he is entitled to benefits rather than reversing and remanding for a rehearing before the Administrative Law Judge to determine his residual functional capacity in accordance with the correct legal standard.  Gyles argues that the evidence in the record is sufficient for the Court to conclusively determine that he is entitled to benefits.  [Record Document 15, p.1].  For the reasons given below, the Court finds that the Magistrate Judge's Report and Recommendation is correct and that judgment as recommended therein is warranted.

**I.    Applicable Law**

The United States Supreme Court has made clear that when reviewing a decision by the Commissioner of Social Security Administration, there are only two ways the reviewing court may remand the case to the Commissioner.  Melkonyan v. Sullivan 501 U.S. 89, 99-100 (1992); Istre v. Apfel, 208 F.3d 517, 519-20 (5th Cir. 2000).  The fourth

sentence of 42 U.S.C. § 405(g) grants the reviewing court the power to affirm, modify, or reverse the "decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2006); <u>Melkonyan</u>, 501 U.S. at 99-100.  A remand under the fourth sentence of § 405(g) must issue in conjunction with a final judgment.  <u>Melkonyan</u>, 501 U.S. at 99-100.  The reviewing court may also remand under the sixth sentence of § 405(g) and "order additional evidence to be taken before the Commission of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g) (2006).  When the court remands under sentence six of § 405(g) it is not required to make "any substantive ruling as to the correctness of the Secretary's decision," however, the court must find that there was "good cause for failing to present the evidence earlier...." <u>Melkonyan</u>, 501 U.S. at 100.

After having considered the Report and Recommendation of the Magistrate Judge together and conducting a de novo review of the record, the Court is persuaded the Magistrate Judge is correct and that the Commission's decision must be reversed because it is not supported by substantial evidence.  Thus, only the fourth sentence of §405(g) is at issue because the Court is entering a final judgment addressing the correctness of the Commissioner's decision.  Therefore, the Court need not find "good cause" for failure to introduce any new evidence during the administrative proceeding in order to remand for rehearing.

The fourth sentence of § 405(g) grants the reviewing court wide discretion to

dispose of matters "with or without remanding the cause for a rehearing." 42 U.S.C. § 205(g) (2006); Bordelon v. Barnhart, 161 Fed.Appx. 348, 353 (5th Cir. 2005) (unpublished).  When the court cannot rule definitively one way or another on the existing record, remand is appropriate.  Ferguson v. Schweiker, 641 F.2d 243, 249-50 (5th Cir. 1981), rev'd on other grounds ("The record is simply inconclusive as to whether jobs exist in the national economy which a person of appellant's age, experience, education and impairments can perform, and whether appellant's alcoholism is disabling or not."); Fruge v. Harris, 631 F.2d 1244, 1247 (5th Cir. 1980) ("The present state of the record with regard to Fruge's employment capabilities and opportunities makes it impossible for us to rule definitively one way or the other.").

**II.   Analysis**

The Court agrees with the Magistrate Judge that on the basis of the current record, the Court cannot definitively determine Gyles's residual functional capacity.  The Magistrate Judge concluded that the ALJ improperly assigned no weight to the report of the physical therapist stating that Gyles would need to alternate sitting and standing at least twenty minutes every hour.  Gyles argues that because the ALJ's decision to exclude this evidence rendered the ALJ's decision unsupported by substantial evidence, the excluded evidence is "sufficient" evidence from which the Court can conclude that Gyles is disabled.  [Record Document 15, p.3].  The proposition that the exclusion of certain evidence rendered the decision that Gyles was disabled unsupported by substantial evidence does not, however, logically entail that the evidence improperly excluded is evidence sufficient for the Court to make the opposite finding.  Rather, the

question remains whether the record is in such a state as to permit the Court to definitively determine whether Gyles is disabled. Fruge, 631 F.2d at 1247.

After reviewing the record, the Court agrees with the Magistrate Judge that evidence in the record is not sufficient to enable the Court to determine definitively whether or not Gyles is disabled. Compare Carter v. Heckler, 712 F.2d 137, 142 (5th Cir. 1983) (remanding and declining to find claimant disabled when ALJ only had one source of information about claimant's exertional limitations) and Johnson v. Harris, 612 F.2d 993, 998 (5th Cir. 1980) (remanding and declining to find claimant disabled when there were outstanding factual questions concerning claimant's residual functional capacity) with McQueen v. Appel, 168 F.3d 152, 156 (5th Cir. 1999) (remanding with instructions to grant claimant's application when nothing on the record supported a finding that sixty-year-old claimant had highly marketable skills), Randall v. Sullivan, 956 F.2d 105, (5th Cir. 1992) (reversing because ALJ relied on the medical reports of someone other than the claimant and remanding solely for purpose of calculating benefits due in an eight-year old case with numerous previous remands), and Rini v. Harris, 615 F.2d 625, 627 (5th Cir. 1980) (remanding with direction that judgment be entered for claimant when case had already been remanded once, the issue before the court was not whether claimant was disabled but when he had reported his return to work, and Appeals Council clearly erred.). Rather, the Magistrate Judge was correct to limit its recommendation to the conclusion that if the ALJ had recognized that the physical therapist is a valid "other source" then the ALJ may well have been compelled to assign more weight to the physical therapist's findings. Rini, 615 F.2d at 627 ("We

do not reweigh the evidence or substitute our judgment for the Secretary's judgment.").

Accordingly, the Court declines to find Gyles disabled on the basis of the current record. As stated by the Magistrate Judge, on remand "it may prove necessary to consult an orthopedist who can examine plaintiff and issue a medical source statement addressing the limitations imposed by plaintiff's back impairment, including his professed need to alter his activities on an hourly basis." [Record Document 14, p.10].

### III.  Conclusion

The Report and Recommendation of the Magistrate Judge having been considered, together with the written objections thereto filed with this Court, and, after a de novo review of the record, finding that the Magistrate Judge's Report and Recommendation is correct and that judgment as recommended therein is warranted,

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Commissioner's decision is hereby **REVERSED** and **REMANDED** pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent therewith.

THUS DONE AND SIGNED this 19th day of March 2012, Shreveport, Louisiana.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE